Feliciano Acevedo, Juez Ponente
*1065 TEXTO COMPLETO DE LA SENTENCIA
El apelante, Sr. Eduardo Marquez Lizarde, radicó el presente recurso apelativo de una sentencia emitida por el Tribunal de Instancia el 18 de octubre de 1996. En la misma, el tribunal sostuvo que existía entre las partes una comunidad de bienes con relación a determinado inmueble. Analizados los alegatos de las partes, procedemos a confirmar la sentencia emitida por el Tribunal de Instancia.
I
Las partes se conocieron durante el año 1980, en ocasión de que la apelada acudiera, en calidad de abogada, a la Sala del Tribunal de Distrito de Río Grande en la que el apelante era Juez. A partir de esa ocasión, las partes se comunicaban a menudo con el propósito de la apelada mostrarle al apelante propiedades inmuebles. La relación se convirtió en una de amistad y sentimental. Luego de que la apelada se divorciara, las partes decidieron formalizar su relación.
Vigente la relación amorosa entre las partes, la apelada le confió al apelante su interés en comprar un apartamento localizado en el piso 18 de Coral Beach II. El apartamento había sido propiedad de Jean Figueroa Meléndez, ya fallecida y a quien le sobrevivió un hijo de 15 años llamado Rando Miller Figueroa. El inmueble estaba gravado con una primera hipoteca a favor de First Mortgage Investor Properties, Inc. (FMI), quien había comenzado trámite de cobro y ejecución por incumplimiento de pago de los plazos hipotecarios. La apelada compareció como interventora en el pleito instado por el acreedor hipotecario expresando que estaba en proceso de designar un tutor al menor y que estaba en negociaciones con el menor para adquirir su participación y subrogarse como deudora en los derechos del menor en el inmueble.
El 17 de junio de 1982, el Tribunal de Instancia dictó Resolución emancipando judicialmente a Rando Miller Figueroa. El 13 de julio de 1982, se otorgó escritura número dos de compraventa ante el notario Luis Lamberty González, mediante la cual Rando Miller Figueroa vende a Lilliam Rivero Cervero y a Edgardo Marquez Lizardi el apartamento objeto de esta controversia. El apelante solicitó exoneración del pago de contribución sobre inmueble, beneficio que le fue concedido. Para el año 1984, la apelada solicitó acogerse a dicho beneficio. Los recibos de contribución sobre inmueble presentados al cobro fueron pagados por la apelada.
El 2 de agosto de 1982, el acreedor hipotecario desistió de su acción, toda vez que había llegado a un acuerdo con la apelada para que ésta asumiera el pago de la hipoteca y había efectuado todos los pagos atrasados que tenía la hipoteca. La suma pagada por la Sra. Rivero fue por la suma de $24,454.16.
El Registrador denegó acceso al Registro de la Propiedad a la escritura de compraventa del inmueble por no haberse indicado la aportación de cada uno de los compradores en cuanto al precio y por no contener la participación en que los compradores adquirían. El 20 de octubre de 1982, la Sra. Rivero y el Sr. Marquez Lizardi otorgaron Acta Aclaratoria en la cual ratificaron el negocio jurídico realizado y señalaron que adquirieron el inmueble por partes iguales.
La relación entre las partes se mantuvo hasta el 1983. El 25 de mayo de 1993, la parte apelada presentó la acción de epígrafe solicitando que la declaremos única titular del inmueble por haber sido ella la única que efectuó aportación económica para la adquisición del mismo. Por vía de reconvención, el apelado solicitó la división de una alegada comunidad existente sobre dicho inmueble y sobre una finca localizada en el Barrio *1066 Guzmán Abajo en Río Grande. La apelada ha tenido y tiene el control y disfrute del apartamento. Como parte de los Informes Anuales que como Juez venía obligado a rendir, el apelante declaró ser titular por mitad del inmueble.
El 18 de octubre de 1996, el Tribunal de Instancia dictó sentencia declarando no ha lugar la demanda presentada. Sostuvo el Tribunal que había una comunidad de bienes entre las partes y les concedió a las partes un término de treinta (30) días para dar por terminada la comunidad de bienes mediante el pago al apelante de su participación en el inmueble de Coral Beach. Ordenó, además, que toda vez que la apelada está actualmente casada y no se desfiló prueba referente a cuál patrimonio se pagaron los gastos extraordinarios y mejoras, se procediera con la radicación de una acción independiente para la liquidación de la comunidad con la presencia de todas las partes necesarias y apropiadas. En cuanto a la reconvención sobre la finca localizada en el Barrio Guzmán Abajo de Río Grande, el Tribunal declaró la misma no ha lugar.
Inconforme con dicha determinación, la parte apelante radicó el presente recurso apelativo alegando, en síntesis, que erró el Tribunal de Instancia al aquilatar la prueba, al fundar su criterio en testimonio de escaso valor, al no resolver que el derecho de la apelada a reclamar la anulación del negocio jurídico había prescrito o caducado.
II
La simulación relativa contractual es la existencia de un negocio jurídico aparente, tras del cual se esconde el negocio real y verdaderamente querido por las partes. La simulación relativa es un disfraz: en ella se realiza aparentemente un negocio jurídico, queriendo y llevando a cabo en realidad otro distinto. Los contratantes concluyen un negocio verdadero, que ocultan bajo una forma diversa, de tal modo que su verdadera naturaleza permanece secreta. Martínez v. Colón Franco, 125 D.P.R. 15, 24 (1989).
Ha dicho el Tribunal Supremo que es válida una compraventa bona fide que incluye una donación subyacente. Se trata, en estos casos, de un contrato disimulado de donación dentro del de compraventa. Nuestra jurisprudencia reconoce la validez de dicho contrato disimulado de donación si cumple con los requisitos exigidos en las disposiciones del Código Civil referentes a las donaciones. La Costa Sampedro v. La Costa Bolívar, 112 D.P.R. 9, 20 (1982).
En Hernández Usera v. Srio. de Hacienda, 86 D.P.R. 13, 23 (1962), dijo el Tribunal que es lógico que si el cumplimiento de los requisitos formales es necesario en las donaciones puras y simples, con mayor razón lo han de ser en las encubiertas o disimuladas que por serlo, no es posible ser menos exigente en cuanto a sus formalidades. En el caso de una donación disimulada, para que ésta sea válida deben concurrir los siguientes requisitos: (1) que el contrato simulado que la encubre se haya otorgado mediante escritura pública; (2) que se describan individualmente los bienes donados, y en caso de donación onerosa, que se expresen las cargas que el donatario asume, y (3) que se haga constar la aceptación del donatario en la misma o en una escritura separada, pudiendo deducirse tal aceptación de la firma del documento simulado.
Nos encontramos en el caso de autos ante un contrato disimulado. Surge lo anterior de la prueba presentada ante el Tribunal de Instancia y de la credibilidad que le mereció el testimonio de los testigos al Tribunal. En la escritura de compraventa del inmueble comparecen como compradores, tanto la Sra. Rivero como el Sr. Lizardi Marquez. Sin embargo, el pago de los atrasos en los pagos hipotecarios y el pago realizado al momento de realizarse la compraventa fueron realizados por la Sra. Rivero. Inclusive, la propia Sra. Rivero admitió que permitió que el Sr. Marquez Lizardi figurara como comprador en la compraventa, aun cuando no había realizado aportación alguna. El efecto de la escritura de compraventa y el de la Acta Aclaratoria suscrita posteriormente fue la de realizar una donación a favor del Sr. Marquez Lizardi. El Art. 558 del Código Civil define la donación *1067 como un acto de liberalidad por el cual una persona dispone gratuitamente de una cosa en favor de otra que la acepta. 31 L.P.R.A. Sec. 1981. Ciertamente, el propósito del contrato fue una mera liberalidad a causa de la relación sentimental entre las partes.
La celebración de la compraventa cumple con los requisitos necesarios para una donación. La misma fue realizada mediante escritura pública y fue suscrito por ambas partes, tanto por la Sra. Rivero como por el Sr. Marquez Lizardi. El inmueble también fue descrito y la aceptación del donatario se hizo constar mediante la firma en dicho documento. A causa de esta donación subyacente se creó entre las partes una comunidad de bienes. Según el Art. 326 del Código Civil, hay una comunidad de bienes cuando la propiedad de una cosa o de un derecho pertenece pro indiviso a varias personas. 31 L.P.R.A. sec. 1271. Esta es la situación en el caso de autos en que ambas partes comparecieron como compradores, uno de ellos debido a la donación que se le realizara. Debido a que ningún copropietario está obligado a permanecer en la comunidad, cada uno de ellos puede pedir en cualquier tiempo que se divida la cosa en común. 31 L.P.R.A. sec. 1279.
El concurso de los partícipes, tanto en los beneficios como en las cargas, será proporcionada a sus respectivas cuotas. 31 L.P.R.A. sec. 1272. Las partes son dueñas del inmueble de Coral Beach por partes iguales, toda vez que así lo hicieron constar en el Acta Aclaratoria otorgada el 20 de octubre de 1982. Sin embargo, debido a que existe duda sobre de cuál patrimonio se pagaron los gastos extraordinarios y mejoras, procede, como así lo determinó el Tribunal de Instancia, que la liquidación de la comunidad se lleve a cabo mediante presentación de pleito independiente con la concurrencia de todas las partes necesarias. En cuanto a los terrenos en Río Grande, el apelante no presentó prueba que convenciera al Tribunal de Instancia que tenía derecho sobre el mismo.
Aduce la parte apelante que fue error la admisión en evidencia de cierta noticia publicada en los periódicos en la cual el apelante estaba, alegadamente, involucrado en un escándalo. Contrario a lo que alega el apelante, la presentación en evidencia de la mencionada noticia no vició en modo alguno las determinaciones realizadas por el Tribunal de Instancia. La sentencia emitida por el juzgador está ampliamente sostenida por la evidencia presentada y los documentos que obran en el expediente. Tampoco procede la alegación sobre prescripción. La apelada no alegó en sus reclamaciones nulidad, por lo que el término de cuatro (4) años que dispone el Art. 1253 del Código Civil para instar una acción de nulidad no es de aplicación al caso de autos.
Por último, tampoco erró el Tribunal de Instancia, como aduce la parte apelante, al no imponer honorarios de abogado. La Regla 44.1(d) de Procedimiento Civil establece que cuando la parte ha sido temeraria o frívola, el tribunal deberá imponerle en su sentencia una suma razonable por concepto de honorarios de abogado. 32 L.P.R.A. Ap. III, R. 44.1. La norma general imperante en nuestro ordenamiento procesal civil establece que la parte victoriosa siempre tiene derecho a recobrar las costas, pero los honorarios de abogados sólo proceden cuando el tribunal determina que la parte perdidosa actuó con temeridad. Santos Bermúdez v. Texaco P.R., Inc., 123 D.P.R. 351, 355 (1989). El hecho de que no se le haya impuesto honorarios de abogado es indicio de que el Tribunal de Instancia no entendió que hubiese sido temeraria, ni frívola. Tampoco nosotros encontramos indicio alguno de temeridad, ni frivolidad en la acción instada por la parte apelada. Por lo tanto, entendemos que no erró el Tribunal de Instancia al no imponerle tales honorarios.
Por las consideraciones anteriores, se confirma la sentencia emitida por el Tribunal de Instancia.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General